UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80510-CIV-MARRA

STEPHEN W. SCRENCI, on behalf of himself
and all others similarly situated,

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign insurer,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss (DE 9).  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Defendant State Farm Mutual Automobile Insurance Company ("Defendant") filed a Notice of Removal on April 1, 2009 after having been served with Plaintiff Stephen W. Screnci's ("Plaintiff") Second Amended Complaint ("SAC") on March 12, 2009 (DE 1).  The SAC is a putative multi-state class action that seeks damages and attorney's fees based on the cause of action of unjust enrichment/restitution.  The allegations of the SAC state the following:

Plaintiff is a policyholder and named insured of Defendant. Plaintiff paid a premium for bodily injury ("BI") coverage based upon a base rate submitted by Defendant to the State of Florida. (SAC ¶¶ 20-21.)   To justify the rate, Defendant included the total amount of bodily injury liability coverage claims paid by Defendant to all claimants.  (SAC ¶ 21.)  Defendant

charged excessive rates for bodily injury liability coverage by using payments made under its Excess Assurance Protection ("EAP") program to calculate premiums. (SAC ¶ 5(a).) The EAP program refers to a practice whereby Defendant brings a claim to trial and assumes responsibility for the final judgment, even if the judgment is in excess of the policy limit. (SAC ¶ 6.) These payments were accounted as bodily injury liability coverage payments and included within the "global BI payment figure submitted to the State of Florida and other states where [it sells] motor vehicle liability insurance as part of its base rate to justify its rate." (SAC ¶ 23.)

In addition, Defendant "discriminatorily pa[id] dividends or premium rebates under EAP to or on behalf of select motor vehicle liability insurance policyholders without making like or proportionate payments to remaining policyholders in the same actuarial class [and Defendant retained the] unpaid dividends or premium rebates." (SAC ¶ 5(b).) Defendant "paid tens of millions of dollars to claimants in Florida and nationally over and above its insureds' BI coverage limits in judgments, settlements, attorney's fees and litigation costs for its bad faith and unfair claim settlement practices based upon its claims management guideline and not its insureds' BI coverages and coverage limits." (SAC ¶ 24.) Defendant "unjustly enriched itself at Plaintiff's expense with monies obtained from Plaintiff , and retention of said monies, for a premium rate that improperly included expense for State Farm's settlements, judgments, attorney's fees and taxable costs related or entered into as a result of a statutory or common-law bad faith by State Farm and by unfairly discriminating against Plaintiff, who is in the same actuarially-supported class as policyholders receiving EAP payments, by not paying to him the same or proportionate refund or rebate of premium paid to on behalf of EAP-recipients." (SAC ¶ 42.)

In moving to dismiss the Complaint, Defendant makes the following arguments: (1) Plaintiff has failed to exhaust his administrative remedies under Florida Statutes § 627.371; (2) Plaintiff's claims are barred by the filed-rate doctrine; (3) Plaintiff's complaint should be dismissed under the doctrine of primary jurisdiction; (4) Defendant did not violate Florida Statute § 627.0651(12); (5) a claim for unjust enrichment cannot survive when a contract governs the rights of the parties and (6) Plaintiff is not entitled to dividends.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed .R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a

plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

   III.  Discussion

   A.  Failure to Exhaust Administrative Remedies

Defendant argues for dismissal of the SAC based on Plaintiff's failure to exhaust administrative remedies under Florida Statute § 627.371 because Plaintiff is challenging the rate charged by Defendant.  Section 627.371 provides in pertinent part:

> Any person aggrieved by any rate charged, rating plan, rating system, or underwriting rule followed or adopted by an insurer . . . may herself or himself or by her or his authorized representative make written request of the insurer . . . to review the manner in which the rate, plan, system, or rule has been applied with respect to insurance afforded her or him. If the request is not granted within 30 days after it is made, the requester may treat it as rejected. Any person aggrieved by the refusal of an insurer or rating organization to grant the review requested, or by the failure or refusal to grant all or part of the relief requested, may file a written complaint with the office, specifying the grounds relied upon.

Florida Statute § 627.371(1).  Section 627.371(2) also provides that the Office of Insurance Regulation may order the insurer to correct any noncompliance, which may include a premium adjustment.

Florida courts have held that challenges to rates charged by insurers must first be administratively exhausted pursuant to Florida Statute § 627.371.  In State Farm Mutual Automobile v. Gibbons, 860 So. 2d 1050 (Fla. Dist. Ct. App. 2003), the plaintiff sued the insurer for including in its base rate monies paid on bad faith and punitive damages claims.[1] Id. at 1051. The defendant argued that the only way for the plaintiff to challenge the approved rates is by an

---

[1] The plaintiff in Gibbons sued under Florida Statute 627.0651, the statute governing the making and use of rates for motor vehicle insurance.  Although Plaintiff labels his claim as "unjust enrichment/restitution," Plaintiff's claim is based on a violation of this statute.

4

administrative proceeding in the Office of Insurance Regulation. Id. The Gibbons court agreed and held that the plaintiff's exclusive remedy is to seek administrative review under Florida Statute 627.371. Once the administrative review is completed, the plaintiff may seek judicial review in the Florida District Court of Appeal. Id. at 1052. Accordingly, the Gibbons court dismissed the plaintiff's complaint.

Likewise, in Progressive Express Insurance Co. v. Reaume, 937 So. 2d 1120 (Fla. Dist. Ct. App. 2006), the plaintiff challenged the insurer's collection of allegedly unlawful and excessive premium finance charges. Id. at 1121. The insurer contended that the plaintiff was required to first seek administrative relief with the Office of Insurance Regulation. Relying on Gibbons, the Reaume court held that the plaintiff must first exhaust her administrative remedies with the Office of Insurance Regulation. Id. at 1123 citing Fin. Corp. v. Fla. Dep't of Envtl. Regulation, 416 So.2d 813 (Fla. Dist. Ct. App. 1982) ("It is now well settled that where adequate administrative remedies are available, it is improper to seek relief in the circuit court before those remedies are exhausted.")

In response, Plaintiff argues that Florida Statute 627.371(1) is discretionary, and not mandatory. Plaintiff relies on the use of the word "may" regarding the options available to a person challenging a rate.[2] Thus, Plaintiff contends an aggrieved person "may" appeal to the Office of Insurance Regulation, or "may" resort to the courts. Plaintiff relies on Liberty Mutual Insurance Co. v. K.A.T., Inc., 855 F. Supp. 980 (N.D. Ind. 1994) to support his contention.

---

[2] Any person aggrieved by any rate charged, rating plan, rating system, or underwriting rule followed or adopted by an insurer . . . *may* herself or himself or by her or his authorized representative make written request of the insurer . . . to review the manner in which the rate, plan, system, or rule has been applied with respect to insurance afforded her or him. (emphasis added). Florida Statute § 627.371(1).

5

The Court rejects this argument. To begin, this Court is bound by decisions of the Florida's intermediate appellate courts with respect to the interpretation of Florida Statute 627.371(1). See State Farm Fir & Cas. Co. v. Steinberg, 393 F.3d 1226, 1231 (11th Cir. 2004). Both Gibbons and Reaume have interpreted this statutory provision as requiring exhaustion of administrative remedies prior to seeking judicial relief. Thus, given that these courts have interpreted this statute as mandating exhaustion of administrative remedies, the Court does not accept Plaintiff's argument that the term "may" means that administrative relief is discretionary. Nor does the Court finds persuasive Plaintiff's reliance on Liberty Mutual Insurance Co. v. K.A.T., Inc. That case interprets Indiana law, which is unnecessary for the Court to examine when there is Florida law interpreting the controlling Florida statute.

Plaintiff also contends that he cannot be required to pursue administrative remedies where they are inadequate. Specifically, Plaintiff points out that even if Defendant is administratively ordered to refund or credit premiums, the Office of Insurance Regulation is not statutorily empowered to award attorney's fees.[3] Plaintiff rests his entitlement to attorney's fees on Florida Statute § 627.428.[4] That statute, however, does not apply to a challenge to the structuring of insurance rates. Instead, the purpose behind this statute is "place the insured or beneficiary in the

---

[3] Despite Plaintiff's assertion (Resp. at 6), the Office of Insurance Regulation can award prejudgment interest. Florida Statute § 624.4211.

[4] This provision provides: "Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." Florida Statute § 627.428(1).

place she would have been if the carrier had seasonably paid [a] claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees." Travelers Indem. Ins. Co. of Illinois v. Meadows MRI, LLP, 900 So. 2d 676, 679 (Fla. Dist. Ct. App. 2005). In other words, this statute serves to reimburse insureds for attorney's fees when they are forced to sue to enforce their insurance contracts. Id.

Even putting aside the inapplicability of this statute to Plaintiff's claim, Plaintiff's request for attorney's fees is not a claim that justifies bypassing an administrative body. To the contrary, Florida law is clear that the recovery of attorney's fees is ancillary to substantive claims for relief. Cheek v. McGowan Elec. Supply Co., 511 So. 2d 977, 979 (Fla. 1987) (attorney's fees are ancillary to a claim for damages and can only be recovered after the determination of the prevailing party has been made); see Scottsdale Ins. Co. v. Haynes, 793 So. 2d 1006, 1009 (Fla. Dist. Ct. App. 2001) (attorney's fees are not part of a substantive claim)

Lastly, the Florida authority cited by Plaintiff is simply unpersuasive. See Winter Springs Development Corp. v. Florida Power Corp., 402 So. 2d 1225, 1228 (Fla. Dist. Ct. App. 1981) (the administrative remedy is not considered adequate and the plaintiff is not bound to exhaust it before seeking relief in court when the plaintiff sought money damages for breach of contract, which an administrative body is not empowered to award); Berkowitz v. City of Tamarac, 654 So. 2d 982, 983 (Fla. Dist. Ct. App. 1995) (same). In both of these cases, the plaintiff could not obtain relief on the underlying substantive claim; i.e., breach of contract. Here, Plaintiff merely complains that he cannot obtain the ancillary relief of attorney's fees. The administrative agency can provide adequate relief on the substantive claim Plaintiff has raised.

In sum, the Court concludes that Plaintiff must pursue his administrative remedies under

Florida Statute § 627.371.[5]  Thus, Plaintiff's Complaint is dismissed on this basis.[6]

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss (DE 9) is **GRANTED** based on Plaintiff's failure to exhaust administrative remedies.  Plaintiff's Second Amended Complaint is dismissed without prejudice.  Given that it is undisputed that Plaintiff has failed to exhaust his administrative remedies, leave to amend the complaint would be futile.  The Court will separately enter judgment for Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of October, 2009.

KENNETH A.  MARRA
United States District Judge

---

[5] The Court agrees with Defendant, and Plaintiff does not challenge, that alleging that "all conditions precedent to the filing of his cause have occurred, been met and/or have been waived" does not satisfy the burden of alleging the exhaustion of administrative remedies.  See Variety Children's Hosp. v. Century Med. Health Plan, 57 F.3d 1040, 1042 n.2 (11th Cir. 1995).

[6] The Court concludes it is unnecessary to address the other grounds for dismissal raised by Defendant.